UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
JERRELL D. COOK,                                  :
                                                  :
                       Plaintiff,            :
                                                  :        **INITIAL REVIEW**
      -against-                                  :        **ORDER**
                                                  :
STATE OF CONNECTICUT, et al.,                     :        3:24-cv-02042 (VDO)
                                                  :
                       Defendants.           :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

      Plaintiff Jerrell D. Cook, a pretrial detainee in custody at the Hartford Correctional Center ("Hartford CC"),[1] filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Compl., ECF No. 1.[2] Construing Plaintiff's complaint liberally, he brings a claim against unnamed Narcotics Officers in the Stamford Police Department for violation of his Fourth Amendment rights for the use of excessive force and failure to intervene during his September 17, 2024 arrest. *Id*. at 6. Plaintiff also claims that the Stamford Narcotics Unit "unlawfully put[s] charges on citizens" and has retaliated against him because of a prior lawsuit he filed. *Id*. at 4-5. He also challenges the circumstances of a 2017 and 2022 arrest. *Id*. at 5-7. Plaintiff seeks damages and sues the State of Connecticut, the City of Stamford, four John Does, Sergeant of Internal Affairs G. Moran, and Lieutenant of Internal Affairs R. Gasparino. *Id*. at

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff was admitted to the DOC on September 18, 2024, and is an unsentenced pretrial detainee at the Hartford Correctional Center. *See* Connecticut State Department of Correction, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=286320 (last visited April 18, 2025).

[2] Plaintiff filed an "Amended Complaint add on," which was docketed as an amended complaint. ECF No. 10. This pleading is not an amended complaint, but instead a discovery request to preserve body camera footage, so the Court construes this filing as such. *See id*.

1, 3-4. He adds Sergeant Narcotics Officer Brendan Phillips, Narcotics Officer B. Deroco, and two John Doe Narcotics Officer as defendants at the end of his complaint.[3] *Id*. at 8.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I.  FACTUAL BACKGROUND

While the Court does not set forth all the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Plaintiff claims that ever since he filed his earlier lawsuit, *Cook v. Phillips, et. al.*,[4] against the Stamford Police Department in December of 2019, he has been "a target of the Stamford police department" . . . . and has "been arrested numerous times by the same

---

[3] For purposes of initial review, the Court considers as Defendants, Sergeant Narcotics Officer Brendan Phillips, Narcotics Officer B. Deroco, and the two additional John Doe Narcotics Officer, because Plaintiff specifically names them as defendants at the end of his complaint. *See Imperato v. Otsego Cnty. Sheriff's Dep't.*, No. 13-cv-1594, 2016 WL 1466545, at *26 (N.D.N.Y. April 14, 2016) (citation omitted).

[4] The Court can take judicial notice of pleadings filed in another federal court case. *Rothstein v. Balboa Ins. Co.*, No. 14-1112, 2014 WL 4179879, at *1 (2d Cir. June 25, 2014). The lawsuit Plaintiff is referring to was brought in this District as *Cook v. Phillips, et. al.*, No 19-cv-01982 (MPS) (D. Conn. Dec. 18, 2019). Plaintiff brought claims against Officers Deroco, Leachan, and Phillips for violation of his constitutional rights, and his claims for illegal search and seizure and excessive force during arrest in violation of Fourth Amendment and state law claims survived summary judgment. Ruling on Defs.' Mot. for Summ. J., No. 19-cv-01982 (MPS), ECF No. 51. The case settled before trial. Order, No. 19-cv-01982 (MPS), ECF No. 73.

2

defendants . . . ." Compl., ECF No. 1 at 4. Plaintiff states that "[o]n numerous arrest[s] there partners were there who were not involved in the lawsuit directly but have knowledge of the suit and have now set out to retaliate for there squad members by harassing, discriminating, and assaulting [him]." *Id*. Plaintiff alleges that "[t]his is the Stamford Narcotic's Unit" and they "terrorize the public without wearing body cameras so that they can create and shape reports to best fit their narratives to unlawfully put charges on citizens and assault them and get away with it." *Id*. at 4-5. He claims that the narcotics unit is "targeting minorities." *Id*. at 5.

Plaintiff also claims that the narcotics unit, including Officer Michael Conley,[5] an ex-narcotics officer and current employee for internal affairs, falsified evidence and "tampered with evidence" in Plaintiff's 2017 arrest. *Id*. Plaintiff avers that Officer Conley and Sergeant Moran, another ex-narcotic's officer and current employee for internal affairs, visited him to "investigate [his] complaint about the cops being dirty and [him] being assaulted." *Id*. at 5. Because the complaint was partially about Officer Conley, it was "extremely biased and a conflict of interest." *Id*. Plaintiff avers that Lieutenant Gasparino is also an ex-narcotics officer and that it is "one big conspiracy to defraud and allow continuous harassment[,] discrimination[,] and abuse by these narcotics officers." *Id*.

---

[5] Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption. *See* Fed. R. Civ. P 10(a) ("title of the complaint must name all the parties"). In the body of the Complaint, Plaintiff refers to Michael Conley. As this individual is not included in the caption nor named as a defendant in this suit, he is not a defendant in this case. *See Shariff v. United States*, 689 F. App'x 18, 20 (2d Cir. 2017) (noting that when dismissing original complaint, district court correctly instructed plaintiff that he must identify all defendants in the case caption); *Thompson v. Hartford Cnty. Med. Dep't*, No. 19-cv-1983 (VAB), 2020 WL 2198096, at *3 (D. Conn. May 6, 2020).

Plaintiff's main claim appears to center around his arrest on a warrant for sale of narcotics on September 17, 2024. *Id*. at 6. Plaintiff was body slammed by narcotics officers and had his "face slam[m]ed into the ground by one of these officers" after he was "already in custody and had handcuffs placed so tight on [him] that it tore [his] skin." *Id*. Plaintiff's eye was "swollen from where [his] head smacked the ground" and he saw stars. *Id*. He was taken to the hospital and the doctor said, "it came from trauma." *Id*.

Plaintiff avers that "Internal Affairs" dismissed his complaint without giving him any statements the officers made to justify his injuries. *Id*. at 6. Plaintiff also told Internal Affairs to check the camera at the "merrell avenue apartments" because that is where the arrest happened. *Id*. He also requested body camera footage from one of the patrolman in uniform, but internal affairs refused to look at it because it fell under the "body camera exemption." *Id*. Plaintiff claims that the "Stamford police department is crooked and eventually their [sic] going to kill [him]." *Id*.

Plaintiff also alleges that the Stamford Police department fabricated a "domestic/protective order violation arrest on" February 16, 2022. *Id*. He says he was "coming out of bubbly's sports bar and [an] officer[] named mike[,] along with the defendants *in Cook v. Phillips, et al.*, . . . fabricated charges on [him]." *Id*. at 7 (italics added). Plaintiff alleges that he was walking down the street and was being "stalked" by these officers, that "domestic violence is outside the 'scope' of their duty[,] and the alleged victim/protected party even told them that [he] never reached for her car door." *Id*. He claims that "they don't wear body cameras so they can say whatever they want and harass, violate, terrorize [and] falsify evidence and assault whoever but mostly minorities with criminal records . . . ." *Id*.

4

Plaintiff has attached photograph exhibits to his complaint, which depict injuries to his forearm and eye. *Id*. at 11-21. In Plaintiff's request for relief, he solely seeks monetary damages. *Id*. at 5.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*,

5

and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III.  DISCUSSION

Construing Plaintiff's complaint liberally, he brings the following claims for violation of his constitutional rights: (A) Fourth Amendment Excessive Force and Failure to Intervene against John Doe Narcotics Officers; (B) Fourth Amendment False Arrest and Malicious Prosecution against the Stamford Police Department Narcotics Unit; and (C) First Amendment Retaliatory Arrest against unnamed defendants. He also sues the State of Connecticut and the

City of Stamford. Lastly, he names Defendants Sergeant of Internal Affairs G. Moran, and Lieutenant of Internal Affairs R. Gasparino, Officer Brendan Phillips, and Narcotics Officer B. Deroco, but does not allege that any of these defendants were personally involved in a constitutional violation.

### A) Fourth Amendment Excessive Force & Failure to Intervene Claim

The crux of Plaintiff's claims appear to stem from the circumstances of his September 17, 2024 arrest for sale of narcotics.[6] Compl., ECF No. 1 at 6. Construing Plaintiff's complaint liberally, he brings claims against Stamford Narcotics Officers for excessive force and failure to intervene in violation of his rights under the Fourth Amendment. *See id*.

"[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "A police officer's use of force is excessive if it is objectively unreasonable in light of the facts and circumstances known to the officers." *Martinez v. Ricci*, No. 22-CV-1468 (VDO), 2025 WL 249373, at *3 (D. Conn. Jan. 21, 2025). To evaluate the reasonableness of an officer's use of force, courts should consider the particular facts and circumstances of a case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to

---

[6] This court may take judicial notice of state court records. *Velasco v. Gonclavez*, No. 21-cv-1573 (MPS), 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003). A review of the Connecticut State Court records indicates that Plaintiff was arrested on September 17, 2024, for Possession of a Controlled Substance 1st Offense, Sale of 5 Mg or more of LSD, Use of Drug Paraphernalia, Interfere with Officer/Resisting, and Violation of Conditional Release-1st Degree, and that Plaintiff's criminal case, Docket No. S01S-CR24-0255951-S, remains pending with the next court date set for May 13, 2025. See State of Connecticut Judicial Branch, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=68b4efe7-9a9a-4398-b7a7-b15d88661157 (last visited April 18, 2025).

the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S at 396. Likewise, officers are not only liable when they use excessive force themselves, but also when they fail to intervene to stop the excessive use of force by another officer when in a position to observe the conduct and with time to intervene. *See Sloley v. VanBramer*, 945 F.3d 30, 46-47 (2d Cir. 2019). "A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir.1988); *Braswell v. Corley*, No. 11-cv-1565, 2015 WL 575145, at *13 (D. Conn. Feb. 11, 2015). "A plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene." *Gonzalez v. Waterbury Police Dep't*, 199 F. Supp. 3d 616, 622 (D. Conn. 2016), *as amended* (Aug. 9, 2016) (citation omitted).

Plaintiff alleges that he was body slammed by narcotics officers and had his face slammed to the ground by one of these narcotics officers after he was already under arrest and placed in handcuffs. Compl., ECF No. 1 at 6. Although Plaintiff does not designate how many narcotics officers participated in his arrest, based on his allegations, it appears that multiple narcotics officers were at the scene and that the use of force was unreasonable. Plaintiff did not appear to pose an immediate threat to the safety of others because Plaintiff asserts that he was body slammed after he was already placed in handcuffs. Moreover, if other narcotics officers were at the scene after Plaintiff was handcuffed, they may have been in a position to intervene. Accordingly, Plaintiff's claim for excessive force and failure to intervene in

8

violation of the Fourth Amendment has facial plausibility and may proceed against the John Doe Narcotics Officers.[7]

Although Plaintiff does not specifically use the term "John Doe" when referring to the Narcotics Officers, the court can reasonably discern that the Narcotics Officers are the John Doe defendants. Plaintiff's claims against unnamed "John Doe" Narcotics Officer defendants are permissible at this time as placeholders for purposes of notice of the scope of Plaintiff's claim and for conducting discovery in this action. *See Moore v. Town of Norwalk*, No. 17-cv-695 (JAM), 2017 WL 2603301, at *5 (D. Conn. June 15, 2017). Plaintiff is cautioned, however, that he cannot ultimately obtain monetary relief against unnamed "John Doe" Narcotics Officer defendants, and he must diligently take steps to learn the real names and identities of the "John Doe" defendants to identify by name any person whom he seeks to hold liable for money damages. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 517–20 (2d Cir. 2013).

**B) Fourth Amendment Claim for False Arrest & Malicious Prosecution**

Plaintiff also appears to assert a false arrest and malicious prosecution claim by challenging his 2017 and February 16, 2022 arrests. Compl., ECF No. 1 at 5-7. Plaintiff claims

---

[7] As noted, Plaintiff was charged with "Interfere with Officer/Resisting" after his September 17, 2024 arrest. "*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions." *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49–50 (2d Cir. 2017). Here, Plaintiff is solely seeking monetary damages and the use of force by these Narcotics' Officers may still be disproportionate even when considering the charge against Plaintiff for "Interfere with Officer/Resisting." *See Harley v. Suffolk Cnty. Police Dep't*, No. 09-cv-2897, 2012 WL 642431, at *9 (E.D.N.Y. Feb. 28, 2012) (discussing similar doctrine of *Heck v. Humphrey*, 512 U.S. 477, (1994), and finding "Plaintiff's conviction [did] not preclude her ability to show that even if she assaulted officers at some point during the arrest, their alleged force was still excessive."); *see also Jeanty v. Cnty. of Orange*, 379 F. Supp. 2d 533, 543-44 (S.D.N.Y. 2005) (discussing *Heck* and finding excessive force claim not barred because "jury could reasonably conclude that even though [plaintiff] assaulted [the police officer], after [plaintiff] had been subdued, he was subjected to excessive force"). Accordingly, Plaintiff's claim may proceed against the John Does at this juncture for further development.

9

that the narcotics unit, and specifically Officer Michael Conley, who is now working for internal affairs, falsified evidence and "tampered with evidence" in his 2017 arrest. *Id.* at 5. Plaintiff also alleges that the Stamford Police department fabricated a "domestic/protective order violation arrest on" February 16, 2022, and he contests the circumstances of this arrest. *Id*. at 6-7.

To state a valid claim for malicious prosecution and false arrest under § 1983, "a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Mendes v. Cunningham*, No. 21-cv-1527 (JAM), 2022 WL 2104515, at *2 (D. Conn. June 10, 2022) (citations omitted). The elements of these claims are similar.

The elements of a malicious prosecution claim under Connecticut law are that: "(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) 'the defendant acted without prob able cause'; and (4) 'the defendant acted with malice.'" *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982)). Under Connecticut law, a false arrest claim requires pleading and proof of the same four elements. *Arpino v. Spera*, No. 22-cv-1114 (KAD), 2022 WL 21751856, at *4 (D. Conn. Sept. 22, 2022). "The elements of such a claim under Connecticut law are: (1) the defendant arrested plaintiff or had plaintiff arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent for the arrest; and (4) the arrest was not supported by probable cause." *Id*. In addition, as with a malicious prosecution claim, the Second Circuit has held that claims of false arrest under Connecticut law require a plaintiff to prove that there was a favorable termination of the proceedings against him. *See Miles v. City of Hartford*, 445 F. App'x 379,

382–83 (2d Cir. 2011) (noting favorable termination is an element of a section 1983 claim "sounding in false imprisonment or false arrest" under Connecticut law) (citing *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)). A "favorable termination" means that a plaintiff must show that his "prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

Plaintiff has failed to plead a plausible claim because his allegations are vague and conclusory, and he fails to name any defendants other than the Stamford Police Department against whom he is directing this claim. Alternatively, Plaintiff cannot proceed on a false arrest and malicious prosecution claim for his 2017[8] and 2022 arrests because he cannot meet one of the elements necessary to proceed on a false arrest or malicious prosecution claim. The Connecticut Judicial Branch website shows only one arrest for Plaintiff in 2017.[9] Plaintiff was arrested on April 4, 2017, and pleaded guilty to "Sale of Hallucinogen/Narcotic" on December 23, 2019, in Docket No. S01S-CR17-0191186-S. Because this proceeding did not terminate in Plaintiff's favor, he cannot plead a plausible claim for false arrest or malicious prosecution. As for Plaintiff's February 16, 2022 arrest, the Connecticut Judicial Branch website shows that Plaintiff was arrested for violation of a protective order in Docket No. S01S-CR22-0246458-S, and the

---

[8] Courts in this district generally subject § 1983 claims to the three-year limitation period provided by Connecticut General Statutes § 52-577, which pertains to general tort claims not specifically covered by different limitations provisions. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Even with the tolling provision implemented from March 19, 2020, and March 1, 2021, in response to the COVID-19 pandemic, Plaintiff's challenge to his 2017 arrest and resulting December 23, 2019 conviction would likely be barred by the applicable statute of limitations.

[9] *See* Connecticut Judicial Branch, https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=b18e57cc-dfd1-4514-a5a2-7a058087c2f9 (last visited April 18, 2025).

11

criminal case is still pending with the next court date set for May 13, 2025.[10] Because this proceeding is still pending and has not terminated in Plaintiff's favor, he cannot state a plausible claim for false arrest and malicious prosecution.[11] Accordingly, to the extent Plaintiff brings a claim for malicious prosecution or false arrest, these claims are dismissed.

### C) First Amendment Retaliatory Arrest Claim

Plaintiff also appears to bring a First Amendment Retaliatory Arrest claim by alleging that ever since he filed an earlier lawsuit, *Cook v. Phillips, et. al.*, he has been a target of the Stamford Police Department and has been arrested numerous times by the same defendants. Compl., ECF No. 1 at 4.

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024) (quoting *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (per curiam)). But in the case of an allegedly retaliatory arrest, "the existence of probable cause [for the arrest] is a complete defense." *Golodner v. City of New London*, 443 F. App'x 622, 624 (2d Cir. 2011); *see Mangino v. Inc. Vill. of Patchogue*,

---

[10] *See* Connecticut Judicial Branch, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=6f81958f-048f-4239-ae81-90c8cc5576e9 (last visited April 18, 2025).

[11] Any claim for false arrest and/or malicious prosecution pertaining to Plaintiff's 2022 arrest and subsequent pending criminal proceedings could not be adjudicated by this court at this juncture due to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Although, the Second Circuit disfavors dismissal when a plaintiff is seeking monetary relief, adjudication of Plaintiff's claims for false arrest and malicious prosecution for his ongoing state criminal proceeding may interfere with, disrupt, or call into question the validity of that criminal proceeding. *See Chapdelaine v. Desjardin*, No. 20-cv-779 (MPS), 2022 WL 4448890, at *13 (D. Conn. Sept. 23, 2022) (staying plaintiff's claims for malicious prosecution where plaintiff sought monetary damages because underlying state criminal proceedings had not yet concluded); *see also Pawelsky v. Cty. of Nassau, New York*, 684 F. Supp. 3d 73, 88 (E.D.N.Y. 2023). This court, however, declines to stay these claims because they are vague and conclusory, and Plaintiff fails to attribute these claims to any individual defendants.

808 F.3d 951, 956 (2d Cir. 2015) ("The existence of probable cause will defeat a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive, in an attempt to silence him."). Notably, the United States Supreme Court has held that a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019).

Plaintiff's claim is once again vague and conclusory, and he fails to name the individual defendants against whom this allegation is directed towards and which arrest or arrests he is referring to. Even so, in the event Plaintiff is referring to his recent September 17, 2024 arrest, he fails to plead a plausible First Amendment Retaliatory Arrest claim because he has not pleaded nor proven the absence of probable cause. Plaintiff solely alleges that he has been arrested numerous times since he filed his earlier lawsuit and he disputes Internal Affairs investigation of his September 17, 2024 arrest. Compl., ECF No. 1 at 4-6. These allegations do not amount to allegations of lack of probable cause. Accordingly, to the extent Plaintiff pleads a First Amendment Retaliatory Arrest Claim, that claim is dismissed.

**D) Additional Defendants**

    **A.    City of Stamford**

Plaintiff also names the City of Stamford, a municipality, as a defendant in this litigation. Compl., ECF No. 1 at 1. Specifically, Plaintiff alleges that the Stamford Narcotics Unit "terrorize[s] the public without wearing body cameras so that they can create and shape reports to best fit their narratives to unlawfully put charges on citizens and assault them and get away with it." *Id*. at 4-5. He also claims that the narcotics unit is "targeting minorities." *Id*. at 5.

To state a section 1983 claim against a municipal liability, Plaintiff must allege facts showing that he suffered the violation of a constitutional right and that his injury was caused by an officially adopted policy or custom. See *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). He must identify a municipal policy, a municipal custom or practice, or the decision of a municipal policymaker with final policymaking authority that caused his injury. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion). "A single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy[.]" *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (collecting cases). A municipal custom, which is less formal than a policy, may be shown by evidence of a practice "so widespread as to have the force of law." *Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)). A practice must be "permanent and well settled." *Praprotnik*, 485 U.S. at 127; *see also Giaccio v. City of New York*, 308 F. App'x 470, 471-72 (2d Cir. 2009) (dismissing *Monell* claim where plaintiff identified, at most, only four examples of similar alleged constitutional violations — "evidence fall[ing] far short of establishing a practice that is so persistent or widespread as to justify the imposition of municipal liability").

Here, the only examples Plaintiff gives for his claims against the City of Stamford are the allegations in his complaint surrounding his most recent 2024 arrest and his two prior arrests, one of which lead to a conviction, and the other which resulted in pending criminal charges in Connecticut State criminal court. Plaintiff has failed to allege or provide any additional examples to show how the City of Stamford unlawfully puts charges on citizens and assaults them and gets away with it or how the City of Stamford targets minorities.

Accordingly, Plaintiff has failed to show how a purported constitutional violation resulted from an identified municipal policy, custom, or practice. Moreover, most of the allegations underpinning Plaintiff's *Monell* claim are specific to the Narcotics Unit of the Stamford Police Department, which is not a defendant here. Therefore, Plaintiff's claim against the City of Stamford is dismissed.

### B. State of Connecticut

Plaintiff has included the State of Connecticut as a defendant in this suit. Compl., ECF No. 1 at 1. However, the Eleventh Amendment prohibits suits against a State brought by its own citizens, *Coger v. Connecticut*, 309 F. Supp. 2d 274, 281 (D. Conn. 2004), and Congress has not abrogated the State of Connecticut's sovereign immunity under . . . § 1983, and the State of Connecticut has not consented to be sued under . . . § 1983[,]" *Hubert v. Dep't of Corr.*, No. 21-CV-00094 (VAB), 2023 WL 2072500, at *5 (D. Conn. Feb. 17, 2023). Because the State of Connecticut is immune from suit under 42 U.S.C. § 1983, the State of Connecticut is dismissed as a defendant.

### C. Defendants Sergeant of Internal Affairs G. Moran, and Lieutenant of Internal Affairs R. Gasparino, Officer Brendan Phillips, and Narcotics Officer B. Deroco

Plaintiff may pursue damages against the John Doe narcotics officers on his Fourth Amendment claim for excessive force and failure to intervene pertaining to his 2024 arrest. However, all other claims for monetary damages are dismissed against the remaining individual defendants. A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite

15

to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) ("[A] plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" to hold a state official liable for damages under § 1983. "[I]t is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had.").

Plaintiff does not allege that Defendants Sergeant of Internal Affairs G. Moran, and Lieutenant of Internal Affairs R. Gasparino, Officer Brendan Phillips, and Narcotics Officer B. Deroco were personally involved in any of the alleged constitutional violations discussed above. Accordingly, these Defendants are dismissed from this litigation. *See Branch v. Guadarrama*, No. 24-CV-536 (MPS), 2024 WL 1973494, at *2 (D. Conn. May 3, 2024) (dismissing claims against Warden and Commissioner because Plaintiff's complaint failed to allege facts to reflect their personal involvement in Plaintiff's slip and fall); *Oh v. Quiros*, No. 24-CV-148 (SVN), 2024 WL 896605, at *3 (D. Conn. Mar. 1, 2024) (dismissing claims under section 1983 against Nurse Supervisor absent allegations about her conduct to violate his rights); *Smith v. Perez*, No. 19-CV-1758 (VAB), 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (dismissing all claims against defendants where complaint established no connection between defendants and alleged constitutional violations).

## IV.  CONCLUSION

The Court enters the following orders:

(1)     Plaintiff may **PROCEED** with his Fourth Amendment Claim for Excessive Force and Failure to Intervene against the John Doe (Narcotics Officers) Defendants in their individual capacities.

(2)     All other claims are **DISMISSED without prejudice**. The clerk is instructed to terminate as defendants Sergeant of Internal Affairs G. Moran, Lieutenant of Internal Affairs R. Gasparino, Officer Brendan Phillips, and Narcotics Officer B. Deroco.

(3)     The Court affords Plaintiff one opportunity to file an Amended Complaint to correct the deficiencies of his claims as identified in this Order. Plaintiff is advised that any Amended Complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his Amended Complaint by reference. Plaintiff must submit his Amended Complaint on or before **May 19**, **2025**.

(4)     If Plaintiff wish to proceed immediately **only** on his Fourth Amendment claims for excessive force and failure to intervene against the John Doe Defendants in their individual capacities, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **May 19, 2025**, informing the Court that he elects to proceed as to the claims against the John Doe Narcotics Officers in their individual capacities as set forth in the paragraph above. If the Court receives no response from Plaintiff by **May 19, 2025**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

(5)     The Court cannot serve process on any of the defendants so long as they have not been identified by name. Therefore, Plaintiff is directed to identify by name any of the "John Doe" defendants whom he seeks to hold liable on his Fourth Amendment claims for

excessive force and failure to intervene on or before **May 19, 2025**. Assuming the John Doe defendants are identified, a subsequent order shall issue with regard to service of process along with a pretrial scheduling order.

(6) If Plaintiff is unable to identify all or any of the "John Doe" defendants by name on or before **May 19, 2025**, he shall file a motion for extension of time that describes in detail the efforts he has made to learn the names of these defendants. Failure to timely notify the court or file a motion for additional extension of time may result in the dismissal of this action.

(7) The clerk shall send a courtesy copy of this Order and a copy of the Complaint and all attachments, the order docketed as ECF No. 9, and the pleadings docketed as ECF Nos. 11-12, 15-17, to Terrence O'Neill via email and by mail to the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106.

(8) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

(9) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendants' counsel by regular mail.

**SO ORDERED.**

Hartford, Connecticut
April 21, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District
